UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| RICHARD WINTERICH, | ) | CASE NO. 1:12CV1126 |
|  | ) |  |
| PETITIONER, | ) | JUDGE SARA LIOI |
|  | ) |  |
| vs. | ) |  |
|  | ) | OPINION AND ORDER |
|  | ) |  |
| JOHN D. SUTULA, | ) |  |
| Court of Common Pleas of Cuyahoga County | ) |  |
|  | ) |  |
| RESPONDENT. | ) |  |

This is a habeas corpus action brought pursuant to 28 U.S.C. § 2241. Presently before the Court is Petitioner Richard Winterich's motion to stay his imminent trial in the Cuyahoga County, Ohio, Court of Common Pleas pending review of the merits of his habeas corpus petition by this Court. Petitioner filed his habeas petition (Doc. No. 1), asserting violation of his double jeopardy rights, with this Court on May 7, 2012. He filed his motion to stay immediately thereafter. (Doc. No. 2.) Also on May 7, Respondent Common Pleas Court Judge John D. Sutula filed an opposition (Doc. No. 3) to the motion to stay. Petitioner filed a reply (Doc. No. 6) on May 8, 2012.

**I. Background**

    **A. The First Prosecution ("Winterich I")**

On September 22, 2005, a Cuyahoga County, Ohio, grand jury returned a multi-count indictment against Petitioner that included, inter alia, four counts of rape and three counts of gross sexual imposition. These counts included sexually violent predator specifications. On October 20, 2006, following a jury trial, Petitioner was found guilty on two counts of rape and two counts of gross sexual imposition but was acquitted as to the sexually violent predator specifications attached to those counts.[1] On November 9, 2006, the state court sentenced Petitioner to life in prison.[2]

On May 1, 2008, an Ohio appellate court reversed Petitioner's conviction and remanded the case to the state trial court for a new trial, holding that the state trial court committed reversible error by admitting improper witness testimony regarding the credibility of the alleged minor victim. *State v. Winterich*, No. 89581, 2008 WL 1747433 (Ohio Ct. App. April 17, 2008). On remand the trial court granted a motion by the State to dismiss the indictment without prejudice. Petitioner claims the dismissal was brought about as a result of false testimony to the grand jury.[3]

---

[1] According to the Ohio appeals court review of the record on appeal, "Prior to trial, the State dismissed two of the rape counts, one count of kidnapping, one count of gross sexual imposition, and both counts of child endangerment." *State v. Winterich*, No. 89581, 2008 WL 1747433, at *1 n.1 (Ohio Ct. App. April 17, 2008).

[2] *See State of Ohio v. Winterich*, No. CR-05-470757-A (Cuyahoga Cnty. Ct. C. Pl.), docket text available at http://cpdocket.cp.cuyahogacounty.us/.

[3] Specifically, Petitioner alleges that the chief investigator in the case misrepresented the alleged minor victim's statements to the prosecutor's office and the grand jury regarding the extent of Petitioner's physical contact with her. The investigator purportedly claimed that the child had told him that she had been digitally penetrated, but did not disclose that the child had told the investigating officers that she had been touched but not penetrated. (Doc. 1-2 at 7.)

### B. The Second Prosecution ("Winterich II")

On October 6, 2011, a Cuyahoga County, Ohio, grand jury returned a new indictment against Petitioner under a new case number on charges based on the same victim, incidents, and conduct alleged in Winterich I.[4] The new indictment charged two counts of rape and two counts of gross sexual imposition, each with sexually violent predator specifications. (Doc. 7-1.)

On March 15, 2012, Petitioner moved to dismiss this second indictment, arguing that, under Ohio Revised Code § 2943.09,[5] the state was barred from reindicting. (Doc. 1-2 at 3–5.) On April 11, 2012, Petitioner filed an amended motion to dismiss, arguing that the Winterich II grand jury proceedings were tainted. (*Id.* at 6.) Specifically, Petitioner alleged the prosecutor improperly informed the grand jury that Petitioner had been found guilty in Winterich I and had served prison time on those charges. (*Id*. at 7–9.) Petitioner further alleges that the grand jury was told reindictment was necessary due to the previous case being thrown out on a "technicality." (*Id.* at 9.) Petitioner also alleged that the grand jury was provided the same false information regarding the alleged minor victim's statements that had been provided to the Winterich I grand jury and that had led the trial court to dismiss the Winterich I indictment. (*Id.* at 10.) Further, Petitioner asserted that his reindictment on sexually violent predator specifications was in direct

---

[4] *See State of Ohio v. Winterich*, No. CR-11-553515-A (Cuyahoga Cnty. Ct. C. Pl.) docket text available at: http://cpdocket.cp.cuyahogacounty.us/.
[5] Ohio Rev. Code § 2943.09 provides as follows:
> When a defendant has been convicted or acquitted, or has been once in jeopardy upon an indictment or information, the conviction, acquittal, or jeopardy is a bar to another indictment or information for the offense charged in the former indictment or information, or for an attempt to commit the same offense, or for an offense necessarily included therein, of which he might have been convicted under the former indictment or information.

3

contravention of the double jeopardy clauses of the Ohio and federal Constitutions because Petitioner had previously been found not guilty of these specifications at his first trial. (*Id.* at 11–12.) Petitioner asked the trial court to dismiss all of the charges with prejudice pursuant to Ohio Crim. R. P. 48, stating that the Winterich II indictment and proceedings were the product of grand jury abuse and that he should not be subjected to further proceedings. (*Id.* at 12 (citing *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977)).)

On April 24, 2012, the State filed a brief in opposition to Petitioner's motion to dismiss. (Doc. 7-2.) The State conceded that the sexually violent predator specifications charged in the Winterich II indictment should be dismissed but argued that trial should proceed as to the remaining counts of the new indictment. The State contended Ohio Rev. Code § 2943.09 did not bar prosecution on the remaining counts. (Doc. 7-2 at 5–6.)

On May 3, 2012, the trial court orally informed Petitioner that his motions to dismiss were denied, and on May 7, 2012, Petitioner filed a motion to stay the trial set to commence on May 8 or 9, 2012, until his federal double jeopardy rights could be determined in a federal court. (Doc. 1-2 at 1.) On May 8, 2012, the trial court denied the motion to stay, stating that the court had "examined all issues . . . pertaining to double jeopardy and finds no issue with double jeopardy." *State of Ohio v. Winterich*, No. CR-11-553515-A (Cuyahoga Cnty, Ohio Ct. C. Pl.). Further, on May 8, 2012, the state trial court granted in part Petitioner's motion to dismiss as to the sexually violent offender specifications but denied the motion as to all other counts and issues and indicated that the case would proceed to trial.

**II. Legal Standard**

Though 28 U.S.C. § 2254 is usually the appropriate vehicle via which a petitioner may challenge state custody in federal court, an action may be brought under that section only by an individual who is "in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a). Trial has yet to commence in Winterich II, so of course no judgment has been issued ordering Petitioner to be held in custody. Because Petitioner is in custody[6] pursuant to a State court indictment—not pursuant to a State court judgment—28 U.S.C. § 2241 is the appropriate vehicle. *See Phillips v. Court of Common Pleas, Hamilton Cnty.*, 668 F.3d 804, 809 (6th Cir. 2012).

"Habeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the State's court of last resort." *Id.* at 810 (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008)). But because of the nature of the federal Constitution's double jeopardy provision and because Ohio law does not permit a defendant to appeal a trial court's denial of a motion to dismiss on double jeopardy grounds prior to the commencement of the second, allegedly-infringing trial, the Sixth Circuit has held that the exhaustion requirement is met once the defendant has raised the specific double jeopardy issue before that trial court and that court has denied the motion to dismiss. *Id.* at 811.

---

[6] The "in custody" requirement is met here regardless of whether Petitioner is currently incarcerated or rather has been released on bond pending trial. *See Phillips*, 668 F.3d at 809 n.2 ("[petitioner] satisfies the 'in custody' requirement of the statute even though he has been released and remains on bond pending his retrial.") (citing *Justices of Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 300–01(1984)).

This Court has authority to stay state court criminal proceedings against a detained individual who has filed a habeas petition in this Court. *See* 28 U.S.C. § 2251. In determining whether such an extraordinary remedy is necessary, a federal court must consider whether the petitioner has had "an adequate opportunity" to raise his constitutional claims in the state court proceeding and whether "there are extraordinary circumstances which nevertheless warrant federal intervention." *Ballard v. Stanton*, 833 F.2d 593, 594 (6th Cir. 1987) (citation omitted).

**III. Analysis**

Given the habeas exhaustion requirement and the "adequate opportunity" requirement enunciated in *Ballard*, the key question for the Court here is whether Petitioner has fully pursued relief as to his double jeopardy claims in state court. Based on the parties' filings as well as the oral argument made by the parties in a telephonic hearing held May 8, 2012, the Court is able to identify three distinct double jeopardy claims alleged by Petitioner. These purported double jeopardy violations relate to: (1) reindictment with sexual violent predator specifications; (2) the conduct of the prosecutor and grand jury witness in Winterich II; and (3) the manner in which the Winterich I indictment was dismissed, allowing retrial in Winterich II.

First, Petitioner clearly raised before the state trial court the issue of double jeopardy as it pertains to the sexual violent predator specification in the Winterich II indictment. But the state trial court has since entered an order dismissing these specifications from the new indictment. (Doc. No. 7-3.) The double jeopardy issue as to

6

these specifications has thus been rendered moot and does not provide grounds for a stay here.

Second, in his amended motion to dismiss the Winterich II indictment, filed in the state trial court and attached as an exhibit (Doc. No. 1-3) to his habeas petition in this Court, Petitioner discusses, as detailed above, the allegedly inappropriate testimony before the grand jury that returned the indictment in Winterich II. Also as mentioned above, after recounting these details, Petitioner briefly—almost cursorily—invokes the specter of double jeopardy by citing *United States v. Martin Linen Supply*, 430 U.S. 564 (1977). The transcript excerpts cited by Petitioner, if accurate, do appear to this Court to reveal possible grave improprieties in the conduct of the grand jury proceedings in Winterich II. But while the conduct alleged by Petitioner, if true, may very well amount to some sort of due process violation, this Court cannot see how such conduct could trigger the Constitution's *double jeopardy* clause. Petitioner has argued that it is for this very reason that this Court should grant a stay of the state court trial: Petitioner needs time to further explore the facts and research case law in order to determine how—or even if—this alleged conduct amounts to double jeopardy. But a federal court stay of state court proceedings is an extraordinary remedy that "should be undertaken in only the most limited, narrow, and circumscribed of situations, [such as] when the record clearly demonstrates a colorable showing that the trial will constitute a violation of the defendant's double jeopardy rights." *Gilliam v. Foster*, 63 F.3d 287, 290 (4th Cir. 1995). As this case presently stands, not even a reading of the record in the light most favorable to Petitioner would demonstrate a colorable claim that the conduct before

7

Winterich II grand jury, however questionable, constituted a violation of Petitioner's double jeopardy rights.

Third, Petitioner, in his filings and at oral argument, has contended that his double jeopardy rights were violated when, after revealing the misconduct that occurred during grand jury testimony in Winterich I, the prosecutor prevailed upon the state court to dismiss the case *without prejudice* and subsequently sought a new indictment and commenced prosecution of Winterich II. As best the Court can tell at this juncture, Petitioner attempts to analogize this unusual development to situations where a prosecutor, unhappy with the direction a trial seems to be heading, intentionally causes a mistrial in order to avoid the finality of (and bar to subsequent prosecution created by) a verdict of acquittal. In such situations, the double jeopardy clause bars retrial. *See, e.g., Sanborn v. Parker*, 629 F.3d 554, 580 (6th Cir. 2010) ("a mistrial declared at trial at the defendant's behest can be the basis for a subsequent double jeopardy claim if the motion for a mistrial was intentionally provoked by the prosecution.").

Here, the argument goes, in order to avoid the dismissal with prejudice of the Winterich I indictment (perhaps the expected result when misconduct like that which allegedly took place during Winterich I grand jury proceedings occurs), the prosecution sought and obtained dismissal in order to have another chance to indict and prosecute Petitioner for some of the same offenses. The legal analogy, though by no means precise, may be enough under certain circumstances to justify a stay of state court proceedings to allow fuller development of the issue. But here, Petitioner not only failed to raise this issue with the state trial court, he expressly stated that the double jeopardy clause of the

federal Constitution did not act as a bar to reindictment.[7] (Doc. No. 1-2 at 4 n.1 ("the Double Jeopardy Clause of the United States Constitution . . . would not prevent re-indictment [here]").) Petitioner thus has not pursued relief as to this aspect of his double jeopardy claim in state court, thereby failing to exhaust his state court remedies. Because a stay of state court proceedings should only be issued by a federal court when no state court remedy has been available to the petitioner, the Court will decline to enter a stay on this basis.[8]

Petitioner has failed to present to this Court any colorable, state-court-exhausted claims of violation of his double jeopardy rights. As such, his motion to stay state court proceedings is DENIED.

**IT IS SO ORDERED**.

Dated: May 8, 2012

HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE

---

[7] As previously mentioned, Petitioner did argue before the state trial court that, on the facts of his case, Ohio Revised Code § 2943.09 bars reindictment here. (*See* Doc. No. 1-2 at 3–4.) Based on the plain text of that statute and on the limited information provided to this Court in the parties' filings, Petitioner's argument merits thoughtful consideration. Mindful of principles of comity and federalism, however, this Court recognizes that it lacks the authority to rule on an issue of Ohio law in the habeas context and thus will refrain from rendering an analysis and disposition of this issue, being confident that the state court will apply the Ohio statute in an appropriate and judicious manner.

[8] Of course, should petitioner properly file such a motion seeking double jeopardy relief on this basis with the state trial court, and should that court deny such motion, the failure to exhaust would no longer factor into this Court's stay analysis.